## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

| | | |
|---|---|---|
| ICONIC TALENT LLC, | : | **No.: 20-cv-4240** |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| -v.- | : | |
| | : | **JURY TRIAL** |
| THE BURLINGTON INSURANCE COMPANY and | : | **DEMANDED** |
| SPECIALTY PROGRAM GROUP LLC d/b/a PAUL | : | |
| HANSON PARTNERS, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------------x

Plaintiff ICONIC TALENT LLC ("Plaintiff"), by and through its attorneys, FARBER

SCHNEIDER FERRARI LLP, as and for its Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is a declaratory judgment and breach of contract action against an insurance

carrier or, in the alternative, a claim for misrepresentation against a broker for failure to cover

various claims made under the policy.

2.      A policy was written to cover certain specifically delineated equipment—which

exact equipment comprised each and every claim—and the carrier is tying itself into pretzels to

evade its payment obligations.

3.      In the alternative, in the event that there is a finding that the carrier is justified in

withholding payment in whole or in part, then the broker which sold the policy misrepresented

the coverage in the policy and is liable for such shortfall.

1

4.     As the carrier has failed honor Plaintiff's policy despite due demand, this case is necessary.

## JURISDICTION AND VENUE

5.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1332(a) based upon diversity of citizenship of Plaintiff and all Defendants.

6.     Plaintiff is a Wyoming limited liability company with an actual place of business in New York, New York.

7.     Upon information and belief, and as set forth more fully below, defendants are (a) an North Carolina based insurance carrier and a Delaware limited liability company, both of which are registered to and do conduct business in New York.

8.     The amount in controversy, without interest and costs, exceeds $75,000.00.

9.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(3), (c)(2) and (d) in that all defendants regularly perform work in the Southern District of New York and are subject to Court's personal jurisdiction within the boundaries of this District.

## JURY TRIAL DEMANDED

10.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on each and every claim as pleaded herein.

## PARTIES

11.     Plaintiff is and was at all times relevant herein a foreign limited liability company duly formed under the laws of the State of Wyoming, with an actual place of business located at 347 Fifth Avenue, Suite 1402, New York, New York 10176.

12. Upon information and belief, defendant THE BURLINGTON INSURANCE COMPANY ("Burlington") is and was at all times relevant herein a foreign corporation duly formed under the laws of the State of North Carolina, lists itself as a domiciliary of the State of Illinois.

13. Upon information and belief, this Court has personal jurisdiction over Burlington as it is registered to do and transacts business within the State of New York.

14. Upon information and belief, defendant SPECIALTY PROGRAM GROUP LLC ("SPG") d/b/a PAUL HANSON PARTNERS ("Hanson") is and was at all times relevant herein a foreign limited liability company duly formed under the laws of the State of Delaware, with an actual place of business located at 222 Gateway Road W., Napa, California 94588.

15. Upon information and belief, this Court has personal jurisdiction over Hanson as SPG is registered to do and transacts business within the State of New York.

## FACTS

16. Between 2017 and 2019, Plaintiff was a contractor of MasTech Network Solutions, LLC ("MasTech") providing wireless site construction services.

17. Plaintiff provided the human capital and MasTech provided the tools and equipment (the "MasTech Equipment") to construct certain wireless communications sites at various locations across the continental U.S.

18. Among other places, Plaintiff performed such services for MasTech in California, Texas, Arkansas, Louisiana, and Oklahoma.

19. The MasTech Equipment was neither rented nor leased to Plaintiff and thus not subject to any supplemental coverage policy provisions limitations.

3

20.     Upon information and belief, in or about 2018, Plaintiff engaged Hanson to obtain an Equipment Policy for its work in multiple states.

21.     Upon information and belief, at all relevant times, Burlington was and is duly authorized to engage in the business of insurance in the State of New York.

22.     Upon information and belief, at all relevant times, Burlington was and is duly authorized and licensed to issue policies of Contractors' Equipment Coverage insurance (an "Equipment Policy").

23.     Upon information and belief, Burlington issued an Equipment Policy ("the Policy") bearing policy number HSI0002167 to Plaintiff which had a policy period (the "Policy Period") to be in effect from January 29, 2019 to January 29, 2020.  A copy of this policy is annexed hereto as Exhibit "A".

24.     At the time of the purchase of the Policy and during the Policy Period, Hanson was Plaintiff's insurance broker.

25.     The Policy covers "contractors equipment" which is defined as:

a.     "machinery equipment, and tools of a mobile nature that [Plaintiff] use[s] in [Plaintiff's]…operations or projects."

b.     self-propelled vehicles designed and used primarily to carry mounted equipment; or

c.     Vehicles designed for highway use that are unlicensed and not operated on public roads."

4

26.     The Policy is also subject to a "Schedule of Coverages" appended to the Policy and an "Equipment Schedule," which specifies the equipment covered by the Policy (the "Policy Equipment") and the upper limit of coverage ("Maximum Coverage").

27.     The Policy Equipment is identified in the Policy as "Specialized tools and equipment belonging to MasTech" and the Maximum Coverage is set at $892,000.

28.     The Policy defines the "Perils Covered" as "risks of direct physical loss unless the loss is limited or caused by a peril that is excluded."

29.     The Policy then lists twelve different exclusions, inapplicable here, which include: (a) Civil Authority; (b) Nuclear Hazard; (c) War and Military Action; (d) Contamination or deterioration; (e) Criminal, Fraudulent, Dishonest or Illegal Acts; (f) Loss of Use; (g) Mechanical Breakdown; (h) Missing Property; (i) Pollutants; (j) Temperature/Humidity; (k) Voluntary parting; and (l) Wear and tear.

30.     Plaintiff is an insured under the Policy and the Policy premiums were paid.

31.     In seeking out and purchasing the Policy, Plaintiff discussed with Hanson its needs and identified to Hanson numerous permutations of loss assuring that any such claim would be covered.

32.     Hanson represented to Plaintiff that the equipment provided by MasTech to Plaintiff for the purpose of performing its work was definitively Policy Equipment.

33.     Hanson further represented to Plaintiff that the loss of equipment by theft, regardless of whether a police report was filed or the contents of the police report, would be covered so long as the equipment was not simply lost.

34.     Hanson further represented that no limitation or exclusion would apply to Policy Equipment provided by MasTech to Plaintiff for the purpose of performing its work if the

5

equipment was stolen, regardless of whether a police report were filed or the contents of the police report.

35.     The Policy does not contain any exclusion or precondition regarding police reports nor requirements thereof.

36.     In or about February and/or March 2019, Plaintiff timely and sufficiently provided notice of loss of and made no fewer than five separate claims (the "Claims") under the Policy claiming loss of Policy Equipment.

37.     The Claims were given policy numbers which include, without limitation, 220881, 220882, 220883, 220884 and 220885.

38.     The Claims arose out of thefts of Policy Equipment in five of the regions in which Plaintiff was operating on behalf of MasTech.

39.     In certain regions, following most of the thefts, Plaintiff's workers reported the incident to local police.

40.     Though Plaintiff's human capital did their best to communicate and/or report the thefts, their reported valuation of loss was made on the spot and contemporaneous with police reporting and/or other reporting, and based on limited or otherwise non-exhaustive information, since provision of more precise information could only come from MasTech.

41.     Only MasTech, which tracked the Policy Equipment, could accurately inventory and quantify the loss, relying upon internal inventorying protocol to determine the full extent of the loss.

42.     Accordingly, police reports that were filed are not a dispositive valuation of the loss.

43.     MasTech valuation of said loss however, is an objectively accurate valuation of the loss, which was provided to Burlington as set forth below.

44.     In addition, in connection with the various claims, in certain regions, police reports were not filed based upon Plaintiff's and/or its human capital being advised that making such a report would be fruitless.

45.     Plaintiff, did, however, communicate with MasTech on every occasion where Policy Equipment was stolen to ensure timely reporting of same to the owner of said equipment.

46.     MasTech did inventory the lost Policy Equipment as a result of various thefts, ultimately calculating the value of the stolen Policy Equipment at $786,338.21.

47.     Burlington investigated the claims, including interfacing with MasTech concerning the value of the claimed Policy Equipment since it was MasTech's property.

48.     MasTech provided Burlington an itemized spreadsheet specifically inventorying each and every item comprising the claimed loss, which supported the loss valuation of $786,338.21.  A copy of this itemized spreadsheet is annexed hereto as Exhibit "B".

49.     Plaintiff also cooperated with Burlington in assessing the claim including, without limitation, obtaining sworn statements with respect to value of the aggregate loss of the Claims.

50.     Plaintiff has duly fulfilled all terms and conditions of the Policy and/or has been reasonably excused from compliance on the bases of waiver, estoppel, by operation of law or otherwise.

51.     With respect to all claims, Burlington has unjustifiably failed to perform its duties and obligations under the Policy.

52.     With respect to all claims, Burlington has unjustifiably failed to perform its duties and obligations arising by operation of law with respect to its obligations under the Policy.

7

53.     Specifically, in contravention of the terms of the Policy, Burlington has either denied the claims and/or attempted to limit the amounts of the claims, relying on an inadequate investigation by Burlington's retained forensic accountant who, in assessing of the amount of the loss, only spoke to a single corporate attorney from MasTech, and no one else.

54.     Moreover, Burlington has invoked inconsistent and ever-changing justifications for its failure to cover the losses and the bases of its limitations.

55.     Specifically, by emailed letter dated February 19, 2020, counsel for Burlington claimed (a) that the amount claimed as a loss was subjective, relying on the insufficient investigation of the corporate attorney, as there had been no certification of same; and (b) that coverage was limited under supplemental coverage for rented and leased equipment.

56.     When Plaintiff, by letter dated May 1, 2020, provided certification, refutation of the conclusions of the forensic accountant and proof that the equipment in question was actually Policy Equipment and not rented or leased equipment, Burlington by letters dated May 15, 2020 and May 27, 2020, then moved the goalposts to claim that coverage (a) was limited to the amounts claimed in police reports, a position unsupported by the terms of the Policy and (b) denied as to certain equipment pursuant to an inapplicable missing property exclusion.

57.     All equipment forming the loss was MasTech Equipment, and qualifies as covered Policy Equipment, insofar as it was not rented or leased, it was not valued subjectively and did not constitute 'missing property' under the Policy terms.

58.     Burlington's denial and/or limitation of Plaintiff's claims was without factual basis and violative of Burlington's policy obligations, and premised upon a slipshod and incomplete investigation, preventing it from accurately determining the value of the loss.

59.     By improperly denying coverage to Plaintiff, Burlington breached its contractual obligations to Plaintiff.

60.     Burlington's denial and/or claimed limitation of coverage to Plaintiff is improper and unfounded because Plaintiff has demonstrated that the MasTech Equipment is Policy Equipment, that the Policy Equipment claimed is "direct physical loss" and that the loss is not "limited" or "caused by a peril that is excluded." See Exhibit "A".

61.     As a result of the foregoing, full coverage is warrant and since Burlington refuse to provide full coverage, this legal action is necessary.

## FIRST CLAIM FOR RELIEF

### State Law Claim For Declaratory Relief
### Under, *inter alia*, New York CPLR 3001
### *As Against Burlington Only*

62.     Plaintiff repeats and re-alleges the allegations contained in each preceding paragraph as though fully set forth herein.

63.     As a result of the foregoing, Plaintiff has been exposed to actual and/or potential loss, damages and prejudice resulting in a judiciable controversy between Plaintiff and Burlington with respect to the coverage under the Policy.

64.     Plaintiff has no adequate remedy at law.

65.     The foregoing controversies are ripe and appropriate for determination by declaratory judgment and other relief.

66.     Pursuant to CPLR § 3001, Plaintiff seeks a declaratory judgment that: (i) the equipment claimed is Policy Equipment as defined under the policy; (ii) that no limitation in coverage is applicable, including any limitation under the rented and leased equipment supplemental coverage provision; (iii) that no cause or peril applies which would exclude the

claimed equipment from coverage; (iv) Plaintiff is entitled to coverage under the Policy; (v) that the claims in the aggregate are within the Policy limits; and (vi) Burlington is obliged under the Policy to reimburse Plaintiff for its losses, in full, as claimed herein.

## SECOND CLAIM FOR RELIEF

### State Law Claim For Breach of Contract
### *As Against Burlington Only*

67.    Plaintiff repeats and re-alleges the allegations contained in each preceding paragraph as though fully set forth herein.

68.    While this complaint seeks declaratory relief against Burlington, a claim for breach of contract is also asserted in the alternative, for the amount claimed, $786,338.21.

69.    A contract in the form of an insurance policy exists between Plaintiff and Defendant.

70.    The Policy is clear in obligating Burlington to cover a loss to Policy Equipment up to the per occurrence maximum of $892,000.00.

71.    The five separate claims seek only a total of $786,338.21, well within the Policy limit.

72.    As set forth herein, Plaintiff has faithfully paid its premiums and has performed its obligations under the Policy.

73.    As set forth herein, Burlington has breached the Policy by failing to fully cover the claims and by attempting to deny and/or limit coverage under the policy in direct contravention of the plain language of the Policy.

74.    As a direct and proximate result of Burlington's breach, Plaintiff has suffered and will continue to suffer legal fees and costs, expenses in litigation, and other economic

and consequential damages in an amount to be determined at trial, but in no event less than

$786,338.21 plus amounts spent funding and continuing to fund its own litigation expenses.

### THIRD CLAIM FOR RELIEF

**State Law Claim For Breach of the Implied
Covenant of Good Faith and Fair Dealing
_As Against Burlington Only_**

75.     Plaintiff repeats and re-alleges the allegations contained in each preceding

paragraph as though fully set forth herein.

76.     Applicable to the Policy as a whole is an implied covenant of good faith and fair

dealing whereby Burlington has agreed to act in good faith, deal fairly with Plaintiff, and refrain

from taking any action that would interfere with Plaintiff's rights under the Policy as to hinder

coverage for losses suffered by Plaintiff.

77.     Burlington has breached its implied duty of good faith and fair dealing to

Plaintiff, as follows, by:

> (a)     unreasonably, and without proper cause, withholding policy benefits;
>
> (b)     engaging in a self-serving and unreasonable interpretation of the
> language contained in the Policy, which Burlington crafted itself, in
> direct contravention of the reasonable meaning of policy terms so as to
> avoid providing full coverage to Plaintiff;
>
> (c)     failing to carry out a proper investigation as claims and the value of the
> claims, rather relying on wholly insufficient, unsupported conclusions
> of a Burlington-retained forensic accountant; when those conclusions
> were refuted and discredited, inventing new bases to deny and/or limit
> coverage; and/or

11

(d)     refusing to provide reasonable authority to permit the parties through

counsel to resolve the disputes between the parties and instead forcing

Plaintiff to institute litigation to recover amounts due under the Policy.

78.     As a direct and proximate result of the unreasonable and bad faith conduct of

Burlington, Plaintiff has suffered and will continue to suffer legal fees and costs, expenses

in litigation, and other economic and consequential damages in an amount to be determined

at trial, but in no event less than $786,338.21.

**FOURTH CLAIM FOR RELIEF**

**State Law Claim For Negligent Misrepresentation**
***As Against SPG d/b/a Hanson Only***

79.     Plaintiff repeats and re-alleges the allegations contained in each preceding

paragraph as though fully set forth herein.

80.     As Hanson acted as Plaintiff's insurance broker, Plaintiff was in privity with or

had a special, privity-like relationship with Hanson.

81.     As a result of its relationship with Plaintiff, Hanson had a duty to impart correct

information to Plaintiff.

82.     Hanson told Plaintiff that the loss of the equipment contained herein, in precisely the

circumstances under which the equipment was lost, would be entitled to coverage under the Policy.

83.     Hanson knew or should have known that Plaintiff would rely on Hanson's advice in

this regard.

84.     Burlington has either disclaimed entirely and/or asserted limitation in coverage

which is contrary to the representations made by Hanson to Plaintiff.

12

85.     In the event that Burlington successfully disclaims and/or limits coverage, Hanson will have failed to advise Plaintiff accurately of the status of the insurance it procured for Plaintiff.

86.     In the event that Burlington successfully disclaims and/or limits coverage, Hanson failed to use reasonable care in making these statements and/or omissions.

87.     Plaintiff reasonably relied on Hanson's statements.

88.     As a direct and proximate result of Plaintiff's reasonable reliance on Hanson's false, negligently-made statements and/or omissions, Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

**State Law Claim For Negligence**
***As Against SPG d/b/a Hanson Only***

89.     Plaintiff repeats and re-alleges the allegations contained in each preceding paragraph as though fully set forth herein.

90.     Hanson has a duty to impart accurate information to Plaintiff regarding the coverage under the Policy.

91.     In the event that Burlington successfully disclaims and/or limits coverage, Hanson breached its duty by negligently imparting false information to Plaintiff regarding the extent of the coverage under the Policy and what constitutes a ground for disclamation or limitation.

92.     As a direct and proximate result of Hanson's negligence, Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, ICONIC TALENT LLC, respectfully requests that this Court grant a judgment in its favor against Defendants as follows:

(a)      declaring: (i) the equipment claimed is Policy Equipment as defined under the policy; (ii) that no limitation in coverage is applicable, including any limitation under the rented and leased equipment supplemental coverage provision; (iii) that cause or peril applies which would exclude the claimed equipment from coverage; (iv) Plaintiff is entitled to coverage under the Policy; (v) that the claims in the aggregate are within the Policy limits; and (vi) Burlington is obliged under the Policy to reimburse Plaintiff for its losses, in full, as claimed herein.

(b)      An award to Plaintiff, in connection with the second and third claims for relief in an amount to be determined at trial, but believed to be at least $786,338.21 plus costs, fees, consequential damages and statutory interest;

(c)      An award to Plaintiff, in connection with the fourth and fifth claims for relief, for compensatory damages in an amount to be determined at trial, but believed to be at least $786,338.21 plus costs, fees, consequential damages and statutory interest;

(c)      An award to Plaintiff of reasonable costs and expenses of this litigation, including, but not limited to, attorneys' fees and expert fees; and

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

14

(f)      Such other and further relief as this Court may deem just and appropriate.


Dated: New York, New York                    Respectfully submitted,
        June 3, 2020


FARBER SCHNEIDER FERRARI LLP
By: Daniel J. Schneider
261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 972-7040
dschneider@fsfllp.com
DS7366

15