```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ICONIC TALENT LLC,                                          :
                                                            :           20 CV 4240 (JPO)
                                        Plaintiff,          :
                                                            :                ORDER
                -v-                                         :
                                                            :
THE BURLINGTON INSURANCE COMPANY,                           :
ET AL.,                                                     :
                                                            :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Plaintiff Iconic Talent LLC brings this action against Specialty Program Group LLC and the Burlington Insurance Company.  (Dkt. No. 1.)  While the action against the Burlington Insurance Company has been discontinued (Dkt. No. 22), Plaintiff seeks a default judgment against Specialty Program Group LLC (Dkt. No. 28), which did not appear in the case until weeks after the motion for default judgment was filed (Dkt. No. 30).  Specialty Program Group LLC ("Defendant") opposes the motion for default judgment.

Once a party is in default, an opposition to a motion for default judgment is treated as a motion to set aside an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. *See, e.g.*, *Ideavillage Prods. Corp. v. Media Brands Co.*, No. 14-CV-6008, 2015 WL 5613263, at *1 n.1 (S.D.N.Y. Sept. 24, 2015) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)); *Sarafianos v. Shandong Tada Auto-Parking Co.*, No. 13-CV-3895, 2014 WL 1744711, at * 1 (S.D.N.Y. Apr. 29, 2014); *see also Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994).  That motion may be granted "for good cause." Fed. R. Civ. P. 55(c).  The

Second Circuit has specified three criteria for determining whether a party should be relieved from a default: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)).

Defendant explains its failure to appear in the case earlier as an administrative mix-up that was realized only upon receipt of Plaintiff's present motion for default judgment. (*See* Dkt. No. 33-1.) Plaintiff argues that Defendant's explanation fails because it has not based its arguments on personal knowledge, only an affidavit from in-house counsel that neglects to specify personal knowledge involving the failure to learn about the original suit. (Dkt. No. 34 at 1–3.) Personal knowledge, Plaintiff argues, is "necessary to overcome the presumption of willfulness." (Dkt. No. 34 at 3.) But Plaintiff fails to cite any case law in favor of such proposition, and given the Second Circuit's "oft-state preference for resolving disputes on the merits," Defendant's showing is sufficient to establish a lack of willfulness. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) (citations omitted).

The parties next dispute whether Defendant has shown a meritorious defense. Plaintiff again challenges Defendant's personal knowledge, and claims that Defendant has done nothing to challenge Plaintiff's negligent misrepresentation claim. (Dkt. No. 34 at 3–4.) But Defendant argues that Plaintiff failed to comply with terms, conditions, and requirements of the insurance policy at issue. (Dkt. No. 33 at 6.) This is sufficient to "give the factfinder some determination to make" and defeat default. *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (citation omitted).

Finally, Plaintiff alleges "substantial" prejudice, given spoliation of evidence and an increase in fees from litigating against already-dismissed defendant Burlington Insurance Company instead of both defendants simultaneously.  (Dkt. No. 34 at 5.)  While a delay of a few month certainly does not constitute "substantial" prejudice, this Court is persuaded that Plaintiff should be compensated for the cost of the present motion and certain duplicative work.

For the foregoing reasons, Plaintiff's motion for default judgment is DENIED and the default against Specialty Program Group LLC is hereby set aside.

Plaintiff is hereby awarded $12,000 from Defendant as a sanction for Plaintiff's unnecessary work resulting from Defendant's default.

Defendant Specialty Program Group LLC shall answer or otherwise respond to the complaint on or before January 7, 2021.

The Clerk of Court is directed to close the motion at Docket Number 28.

SO ORDERED.

Dated: December 17, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge